**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherwin Dennis Robertson and Irma Robertson, husband and wife,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>DLJ Mortgage Capital, Inc.; Select Portoflio Servicing, Inc.; Fairbanks Capital Corporation Credit Suisse (USA), Inc.,<br><br>　　　　　Defendants. | No. CV-12-8033-PCT-LOA<br><br>**ORDER** |

This case arises upon the Court's *sua sponte* review of *pro se* Plaintiffs' Complaint. After considering the applicable law, the Court dismisses the Complaint without prejudice for failure to allege subject-matter jurisdiction and failure to allege plausible claims upon which relief may be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), respectively. The Court will allow Plaintiffs an opportunity to file a timely amended complaint as required by Ninth Circuit precedent. *Schrock v. Federal Nat. Mortg. Ass'n*, 2011 WL 3348227, * 9 (D.Ariz. August 3, 2011) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).

**I. Background**

Plaintiffs' Complaint, entitled "Complaint to Quiet Title to Real Property; Judgment Divesting Title; Forcible Entry and Detainer," is difficult to understand with allegations that are absurd. It appears Plaintiffs are attempting to allege quiet title and forcible entry and detainer causes of action regarding their current or former residence, located in Yavapai County,

Arizona. (Doc. 1)  Plaintiffs claim they are appearing "[a]s *sui juris*, not pro se, and are not natural persons and/or individuals under Civil Law, and are a living Man and Woman of Peace with sovereign immunity who reside in Yavapai County, Arizona, . . . ." (Doc. 30 at 2)

The Complaint alleges that "Plaintiffs are the holders of the Warranty Deed recorded on June 1, 2005 and are the owners in absolute fee simple to the following legally described real property[:]" Lot 98, of THE DELLS AT PRESCOTT LAKES. (Doc. 1, ¶ 1 at 2)  "Plaintiffs, through conveyance of the title by the Warranty Deed being fully executed and completed, are 'assigns' of John Duke, who was issued Letters of Patent by the Land Office at Phoenix, Arizona and signed by the President of the United States of America, Warren G. Harding, on July 31, 1922, and known as Patent Number 873915.[]" (*Id.*, ¶ 4 at 3)  "Plaintiffs updated Land Patent Number 873915 on December 12, 2011 by a Declaration of Land Patent in Allodial Title only for that certain legally described portion of the original Land Patent Number 837915 known as: Lot 98, of THE DELLS AT PRESCOTT LAKES []" (*Id.*, ¶ 5 at 3)  Plaintiffs claim they "[h]ave not received any challenges to the validity of this Patent or Declaration of Land Patent In Allodial Title Patent Number 873915 from the Defendants and no other party including the Defendants has presented a claim, lien or debt or other equitable interest by presenting the challenge on a lawful affidavit and no such challenge in any form has been received[]." (*Id.*, ¶ 7 at 4)

The Complaint further alleges that "[a]t least twenty (20) days prior to the institution of this action, Plaintiffs tendered and delivered to DLJ Mortgage Capital, Inc. a quit claim deed with respect to the real property described hereinabove, together with the sum of TEN DOLLARS ($10.00) for execution and delivery thereof, pursuant to A.R.S. 12-1103(B), and requested that DLJ Mortgage Capital, Inc., execute such quit claim deed.  Defendants, by their letter to the Plaintiffs on August 10, 2011, have refused to comply with such request and Plaintiffs are, accordingly, entitled to recover the costs of suit and legal fees incurred herein[.]" (*Id.*, ¶ 1 at 4-5) Finally, Plaintiffs allege "[D]efendants have no estate, right, title and/or interest in the land or premises or any part thereof by adverse possession or upon any other theory." (*Id.*, ¶ 2 at 5)

In their prayer for relief, Plaintiffs request, among others, "[t]hat it be declared and adjudged that the Defendants had an opportunity to comply with the request from the Plaintiffs to

1 execute and deliver a quit claim deed to the real property and by their letter of August 10, 2011 refused
2 to do so[;]""[t]hat Defendants have no estate or interest whatsoever in or to said title, land or premises,
3 or in or to any part thereof, and that the title of the Plaintiffs is good and valid[;]" and "[t]hat the
4 Defendants be adjudged guilty of forcible detainer, and that restitution of the real property be made to
5 the Plaintiffs, and that the Plaintiffs recover from the Defendants their damages, costs and reasonable
6 legal fees incurred herein and for such other and further relief as this Court deems just and appropriate
7 under the circumstances." (*Id*., ¶¶ 1, 4, 9 at 5-7)

8       Plaintiffs attached numerous documents to their Complaint, including a letter from
9 defense counsel, dated August 10, 2011, advising that "in February, 2011, [Plaintiffs'] property
10 located at 1575 Commonwealth Street, Prescott, AZ 86301, was sold at a foreclosure sale. That
11 foreclosure sale was conducted in accordance with Arizona law." (Doc. 1 at 47) "As such, the
12 foreclosure will not be rescinded, nor will we be transferring the property to you via a quit claim
13 deed, as requested in your August 5 letter." (*Id*.)

14 **II. Jurisdiction**

15       The Complaint alleges this District Court "has jurisdiction over this action according
16 to Rule 8 of the Federal Rules of Civil Procedure . . . ." (*Id*., ¶ 4 at 2)  Of course, Rule 8 is a
17 procedural rule, not a congressional grant of subject-matter jurisdiction to federal courts.

18       "Federal courts are courts of limited jurisdiction[,]" and "[i]t is presumed that an
19 cause lies outside[]" the jurisdiction of federal courts unless proven otherwise. *Kokkonen v.*
20 *Guardian Life Ins. Co*. 511 U.S. 375, 377 (1994). To overcome that presumption at the pleading
21 stage, a plaintiff must provide a "short and plain statement of the grounds for the court's
22 jurisdiction." Fed.R.Civ.P. 8(a)(1).

23       Pursuant to 28 U.S.C. § 1331, Congress granted district courts subject-matter
24 jurisdiction to adjudicate cases arising under the United States Constitution or federal statutes.
25 28 U.S.C. § 1331; *K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir.
26 2011) ("Federal courts have original jurisdiction over 'all civil actions arising under the
27 Constitution, laws, or treaties of the United States [,]'" citing 28 U.S.C. § 1331). Federal-
28 question jurisdiction is presumed to be absent unless the plaintiff has alleged a federal cause of

1  action. *Jimenez v. Bank of America Home Loans Servicing LP*, 2012 WL 353777, * 2 (C.D.Cal.
2  February 2, 2012) (citations omitted). Whether a claim "arises under" federal law must be
3  determined by reference to the "well-pleaded complaint." *Id.* (citation omitted). It is not
4  sufficient for a complaint to identify the statutory or constitutional provision under which the
5  claim arises; it must also allege sufficient facts to show that the case arises under federal law.
6  *Id.* (citations omitted).

District courts also have subject-matter jurisdiction over controversies between citizens of different states. U.S. Const. Art. III, § 2*; Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68, (1996) ("The Constitution provides, in Article III, § 2, that "[t]he judicial Power [of the United States] shall extend . . . to Controversies . . . between Citizens of different States."). Pursuant to 28 U.S.C. § 1332(a)(1), a district court has original jurisdiction over all civil actions where the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity between the parties - each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). The party who asserts diversity jurisdiction "bears the burden" of proving its existence. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted). Federal jurisdiction may not be pled on information and belief. *Lieberman & Associates v. GVSW Surprise Plaza LLC*, 2009 WL 1476996, * 1 (D.Ariz. May 26, 2009).

"[T]o be a citizen of a state, a natural person must first be a citizen of the United States." *Id.* (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)). "The natural person's state citizenship is then determined by [the person's] state of domicile, not [the person's] state of residence. A person's domicile is [his or her] permanent home, where [he or she] resides with the intention to remain or to which [he or she] intends to return." *Id.* (citing *Lew*, 797 F.2d at 749).

A corporation is a citizen of the state where it is incorporated and the state of its

principle place of business. *Hertz Corp. v. Friend*, ___ U.S. ___, 130 S.Ct. 1181, 1192 (2010) (a corporation's principal place of business, for diversity jurisdiction purposes, is its "nerve center," abrogating *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500-502 (9th Cir. 2001) (*per curiam*); *see also Harris v. Rand*, ___ F.3d ___, 2012 WL 2126060, * 4 (9th Cir. 2012) ("[W]e conclude that a complaint, like the one in this case, that follows the general framework set forth in [Fed.R.Civ.P.] Form 7(a) is sufficient to satisfy Rule 8(a)(1); *Hertz* does not mandate more."). According to the Supreme Court in *Hertz*, "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* "To identify a corporation's citizenship for purposes of diversity jurisdiction, 'a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . .'" *Montrose Chem. Corp. of California v. Am. Motorist Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (quoting 28 U.S.C. § 1332(c)(1)); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Because Plaintiffs' Complaint alleges they are residents of Arizona and Defendant Select Portoflio Servicing, Inc. is "incorporated in the State of Arizona," diversity of citizenship is lacking. *Caterpillar*, 519 U.S. at 68 (diversity jurisdiction exists only where citizenship of each plaintiff differs from citizenship of each defendant). Moreover, the Complaint does not allege the controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

**III. Standard of Review**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed.R.Civ.P. 8(a). Dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) may be granted for two reasons: 1) failure to allege a cognizable legal theory, or 2) the facts alleged are insufficient to state a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a Rule 12(b)(6) motion, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim

1  showing that the pleader is entitled to relief," so that a defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

Although a complaint challenged for failure to state a claim does not need detailed factual allegations, a plaintiff's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise plaintiff's right to relief above a speculative level. *Id*. Federal Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citation omitted)).

Federal Rule of Civil Procedure 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Id*. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding whether to grant a motion to dismiss, a district court must accept as true all "well-pleaded factual allegations in the complaint as true, [but courts] are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

- 6 -

unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**IV. Governing Law**

"[F]ederal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Enterprise Bank & Trust v. Vintage Ranch Inv.*, LLC, 2012 WL 1267988 (D.Ariz. April 16, 2012) (quoting *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003) (internal quotation marks omitted). Assuming jurisdiction in this case is based on diversity, Arizona substantive law applies to this action.

**A. Quiet Title Action**s

In Arizona, an action to quiet title is statutory, but also includes equitable considerations. *Silving v. Wells Fargo Bank, NA*, 800 F.Supp.2d 1055, 1069 (D.Ariz. 2011) (citing *Lavidas v. Smith*, 195 Ariz. 250, 987 P.2d 212, 218 (Az.App.1999)). "A party bringing a quiet title action must allege that it has an interest in real property and that the interest is adverse to another person who claims an interest in the same property." *Id.* (citing A.R.S. § 12–1101(A)). However, it is an action regarding the title to real property, not to the land itself. *Berryhill v. Moore*, 180 Ariz. 77, 88, 881 P.2d 1182, 1193 (Az.Ct.App. 1994). As such a mortgagee's interest does not attach to the title; rather, it attaches to the land. *Id.* (citing *Saxman v. Christmann*, 52 Ariz. 149, 154, 79 P.2d 520, 522 (Ariz. 1938)). "Thus, under Arizona law, a mortgagee cannot bring an action to quiet title because the mortgagee has no title." *Id.* Additionally, A.R.S. § 33-703[1] establishes that a mortgage does not entitle the mortgagee to

---

[1] A.R.S. § 33-703 provides:

A. A mortgage is a lien upon everything that would pass by a grant of the property, but does not entitle the mortgagee to possession of the property unless authorized by the express terms of the mortgage. After execution of the mortgage, the mortgagor may agree to a change of possession without a new consideration.

B. Title acquired by the mortgagor subsequent to the execution of the mortgage inures to the mortgagee as security as if acquired before the execution.

A.R.S. § 33-703. *See also* A.R.S. § 12–1101(a) provides that "[a]n action to determine and quiet title to real property may be brought by any one having or claiming an interest therein, whether

1  possession of the property absent express terms of the mortgage.

2  Unlike a mortgage, "[a] deed of trust is a three-party instrument where the trustor
3  (borrower) transfers legal title in real property to the trustee (legal title holder) as security for
4  the performance by the trustor or a third party of obligations to the beneficiary (lender)." *Maxa*
5  *v. Countrywide Loans, Inc*., 2010 WL 2836958, * 4 (D.Ariz. July 19, 2010) (citations omitted);
6  *see also Snyder v. HSBC Bank, USA, N.A.*, 2012 WL 2072754 (D.Ariz. June 08, 2012). In
7  Arizona, though a promissory note and trust deed are generally construed together, A.R.S. § 33-
8  817,[2] "the note and the deed of trust are nonetheless distinct instruments that serve different
9  purposes. The note is a contract that evidences the loan and the obligor's duty to repay." *Hogan*
10 *v. Washington Mut. Bank, N.A.*, ___ P.3d ___, ___, 2012 WL 1835540, * 3 (Ariz. May 18
11 2012), vacating 227 Ariz. 561, 261 P.3d 445 (Az.Ct.App. 2011) (citing A.R.S. § 33-801(4)).
12 "The trust deed transfers an interest in real property, securing the repayment of the money owed
13 under the note." *Id.* (citing A.R.S. §§ 33-801(4), -801(8), -801(9), -805, -807(A)). In Arizona,
14 a deed of trust passes legal title to the trustee. A.R.S. § 33–801(8); *Brant v. Hargrove*, 129 Ariz.
15 475, 481, 632 P.2d 978, 984 (Az.Ct.App. 1981).

16 It is unclear whether Arizona law authorizes a challenge to the validity of a trustee's
17 deed in a suit to quiet title after a trustee's sale. *See* A.R.S. § 12–1101(A); *Federal Nat. Mortg.*
18 *Ass'n v. Collingwood*, 2012 WL 255875, * 2 (Az.Ct.App. January 26, 2012) ("[C]hallenges to
19 the validity of the Trustee's Deed must be brought in an action to enjoin the foreclosure under
20 A.R.S. § 33–811(C) or be waived, *or in an action to quiet title*[,]" citing *Olds Bros. Lumber Co.*
21 *v. Rushing*, 64 Ariz. 199, 205, 167 P.2d 394, 397, 398 (Ariz. 1946) (emphasis added; footnotes
22 omitted)); A.R.S. § 33–808(E) (2007) (noting that an error in any of the required information

---

24 in or out of possession, against any person . . . when such person or the state claims an estate
   or interest in the real property which is adverse to the party bringing the action."

26 [2] A.R.S. § 33-817 provides "[t]he transfer of any contract or contracts secured by a trust
   deed shall operate as a transfer of the security for such contract or contracts." A.R.S. § 33-817.

or specified form of the Notice of Trustee's sale except an error in the date, time and place of sale, or in some cases the legal property description does not invalidate a trustee's sale); *Kentera v. Fremont Inv. & Loan*, 2011 WL 4005411, * 4-5 (D.Ariz. September 8, 2011).

Under Arizona law, "[a] complaint for an action to quiet title must include facts showing that the plaintiff actually possesses title." *Russell v. OneWest Bank, FSB*, 2011 WL 5007958, * 2 (D.Ariz. October 20, 2011) (citing *Verde Water & Power Co. v. Salt River Valley Water Users' Ass'n*, 22 Ariz. 305, 307, 197 P. 227, 227-28 (Ariz. 1921)). Additionally, if an unsatisfied balance is due on a promissory note to a trustee on behalf of a beneficiary by a trustor who does not hold title to the property, "the court will not quiet the title until and unless [plaintiff] pays off such mortgage lien." *Id.* (quoting *Farrell v. West*, 47 Ariz. 490, 491, 114 P.2d 910, 911 (Ariz. 1941)).

**B. Forcible Detainer Action**s

"[F]orcible entry and detainer is a statutory proceeding, the object of which is to provide a summary, speedy and adequate means for obtaining possession of premises by one entitled to actual possession." *Heywood v. Ziol*, 91 Ariz. 309, 311, 372 P.2d 200, 201 (Ariz. 1962). It is "a summary proceeding created by statute to provide a speedy remedy to gain actual possession of a property." *DLJ Mortg. Capital, Inc. v. Ramirez*, 2010 WL 5061038, * 2 (Az.Ct.App. December 7, 2010) (citations omitted); *Colonial Tri-City Ltd. P'ship v. Ben Franklin Stores, Inc.*, 179 Ariz. 428, 433, 880 P.2d 648, 653 (Az.Ct.App. 1993) (a forcible detainer action "do[es] not furnish all of the procedural safeguards provided in a general civil action."). In Arizona, "a cause of action for forcible entry and detainer is only appropriate in those situations in which a tenant or former owner holds over in possession after a lease has terminated or the property has been sold or otherwise transferred under the terms specified by the statute." *Soza v. El Jardin Florists, Inc.*, 2007 WL 5334745, * 2 (Az.Ct.App. 2007). "And the 'only issue' in such actions 'shall be the right of actual possession and the merits of title shall not be inquired into.'" *Id.* (quoting A.R.S. § 12-1177(A)).

Arizona Revised Statute § 12-1173.01 applies to someone who holds over in possession of real property after the property has been sold through foreclosure, trustee's sale,

1 forfeiture, execution, or other transactions where 'the property has been sold by the owner and
2 the title has been duly transferred.'" *Curtis v. Morris*, 186 Ariz. 534, 535, 925 P.2d 259, 260
3 (Ariz. 1996) (quoting A.R.S. § 12-1173.01(A)(5) (holding merits of title dispute may not be
4 tried in forcible detainer action). In *Curtis*, the Arizona Supreme Court established that in
5 Arizona, a "[q]uiet title action raise[s] the question of the validity of title but that issue [can] not
6 be litigated in the forcible detainer action." *Id.*, 186 Ariz. at 534, 925 P.2d at 259; *see also U.S.*
7 *Bank v. Beck*, 2012 WL 2003348, * 2 (Az.Ct. App. June 5, 2012) (the merits of title cannot be
8 challenged in a forcible entry and detainer action.). Thus, for example, a person who retains
9 possession of real property after receiving a written demand of possession may be removed
10 through a forcible entry and detainer action if the owner has obtained title through a trustee's
11 sale. *Collingwood*, 2012 WL 255875 at * 2 (citing A.R.S. § 12–1173.01(2) (2003)).

12 In *Soza*, the Arizona court found plaintiff Soza's complaint was defective under Rule
13 12(b)(6), Az.R.Civ.P., because Soza, the original owner of the property who had vacated the
14 premises, was required to allege either that El Jardin, the putative new owner, was Soza's
15 tenant, as required by A.R.S. §§ 12-1171 and 12-1173, or that El Jardin had retained possession
16 pursuant to one of the transactions specified in A.R. S. § 12-1173.01, transferring ownership
17 from El Jardin to Soza.

18 **V. Discussion**

19 It appears Plaintiffs dispute the validity of the Defendants' title to the subject pro-
20 perty, but the facts are unclear due to the inadequacy, and bizarre nature, of the facts pled in the
21 Complaint. Plaintiffs' Complaint fails to state a claim for quiet title action under A.R.S. §
22 12–1102 because they alleged neither possession of the title to the property nor show a
23 readiness to pay off their loan, assuming Plaintiffs executed a promissory note to purchase the
24 property from one of the Defendants. Moreover, Arizona law does not authorize a challenge to
25 the validity of title to real property by a forcible entry and detainer action. *Burt*, 2011 WL
26 1592317 at 2.

27 If Plaintiffs failed to properly challenge a trustee's sale in a separate action and did
28 not obtain a preliminary injunction preventing the sale, they have waived any objections and

- 10 -

defenses they could have asserted against the title that Defendants acquired by trustee's deed. *See* A.R.S. § 33–811(C); *BT Capital, LLC v. TD Service Co. of Arizona*, ___ P.3d ___, 2012 WL 1556654 (Ariz. May 4, 2012) (defenses and objections to a trustee's sale that are not timely raised in an action that results in the issuance of a court order granting a preliminary injunction are waived); *Madison v. Groseth*, 2012 WL 1999684, * 4 (Az.Ct.App. June 5, 2012) ("It is undisputed [plaintiff] did not obtain an injunction prior to the trustee's sale of the Property. By operation of § 33–811(C), therefore, [plaintiff] waived all defenses and objections to the sale. When the [defendants] received the trustee's deed, they obtained title to the Property and all [plaintiff's] interests and claims to the Property were extinguished, including her purported rights of possession due to acts of conversion and fraud/deceit. A.R.S. § 33–811(E).").

**VI. Leave to Amend**

Plaintiffs have not requested leave to amend their Complaint. Nevertheless, leave to amend should be freely given when justice so requires. Fed.R.Civ.P. 15(a)(2). In the Ninth Circuit, a *pro se* litigant in a foreclosure case must be given leave to amend "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Marinov v. Federal Nat. Mortg. Ass'n*, 2012 WL 136003, * 3 (D.Ariz. January 18, 2012) (citing *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988)); *see also Myers v. Bank of America, N.A.*, 2011 WL 1807418, * 6 (C.D.Cal. March 2, 2011). It is not "absolutely clear" to the Court at this time that the deficiencies in the *pro se* Complaint could not be cured by amendment to allege subject-matter jurisdiction and sufficient factual allegations to support a plausible claim(s).

Based on the foregoing,

**IT IS ORDERED** that the Complaint is **DISMISSED** without prejudice for failure to demonstrate subject-matter jurisdiction on its face and allege plausible claims upon which relief may be granted. If Plaintiffs elect to file a proposed amended complaint, it must be consistent with this order, set forth sufficient specific facts regarding each party's citizenship, domicile, and, as to each corporate defendant, identify the state where it is incorporated and the state of its principle place of business.

- 11 -

1  **IT IS FURTHER ORDERED** that if Plaintiffs seek to bring an amended complaint, the amended complaint must be filed on or before **Friday, July 13, 2012**, or Plaintiffs' leave to amend is denied *ab initio*.

**IT IS FURTHER ORDERED** that Defendants Black and White Corporations 1-100 in the Complaint are dismissed without prejudice. These individual or corporate defendants are dismissed because the Federal Rules of Civil Procedure do not provide for the use of fictitious parties. *Wenzel v. Arpaio*, 2009 WL 4154926, * 3 (D. Ariz. November 20, 2009) ("Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action."); *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) ("In the federal courts 'John Doe' casts no magical spell on a complaint otherwise lacking in diversity jurisdiction.") (citations omitted); *Tolefree v. Ritz*, 382 F.2d 566, 567 (9th Cir. 1967) (*per curiam*) (case "was also properly dismissed as to the fictitious defendants[,]" citing *Molnar v. National Broadcasting Company*, 231 F.2d 684, 687 (9th Cir. 1956))

Dated this 25th day of June, 2012.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge