**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherwin Dennis Robertson and Irma Robertson, husband and wife,<br><br>  Plaintiffs,<br><br>vs.<br><br>DLJ Mortgage Capital, Inc.; Select Portoflio Servicing, Inc.; Fairbanks Capital Corporation Credit Suisse (USA), Inc.,<br><br>  Defendants. | No. CV-12-8033-PCT-LOA<br><br>**ORDER** |

This case arises on Defendants' Motion to Dismiss *pro se* Plaintiffs' Amended Complaint, filed on August 6, 2012. (Doc. 61) Previously, the Court dismissed Plaintiffs' initial Complaint without prejudice for failure to allege subject matter jurisdiction and plausible claims upon which relief may be granted pursuant to Rules 12(b)(1) and (6), Fed.R.Civ.P., respectively. (Doc. 51) Following Ninth Circuit authority, the Court allowed Plaintiffs an opportunity to file an amended complaint to address the Complaint's pleading deficiencies. After considering Plaintiffs' Response, doc. 64,[1] and Defendants' Reply, doc. 65, the Court finds Plaintiffs' timely-filed Amended Complaint fails to state a plausible claim upon which relief may be granted. Defendants' Motion to Dismiss will be granted and this action will be dismissed with prejudice.

---

[1] The Court has chosen to overlook the fact that *pro se* Plaintiffs' Response substantially exceeds the 17-page limitation set forth in Local Rule ("LRCiv") 7.2(e), exclusive of attachments, without prior Court approval.

**I. The Allegations**

Claiming to be "sovereign citizens" of the United States, *pro se* Plaintiffs filed this action on February 22, 2012 and, with leave of Court, amended their complaint on July 16, 2012, identifying this action as one to quiet title to real property located in Yavapai County, Arizona. (Docs. 1, 55) Because a district court is required to give some guidance to *pro se* plaintiffs regarding the deficiencies in their complaint, *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 625 (9th Cir. 1988), the Court's detailed June 25, 2012 Order explained federal pleading requirements and the Complaint's deficiencies. (Doc. 51)  All parties have consented to jurisdiction before a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. 4, 14)

Plaintiffs allege "they are the holders of the Warranty Deed[,] recorded on June 1, 2005[,] and Plaintiffs possess the title to and are the owners in absolute fee simple of the following .54 acre tract along with all structures situated thereupon of . . . 1575 Commonwealth St[,] Prescott, Arizona[.]" (Doc. 55 at 2-3) Plaintiffs contend their Amended Complaint establishes subject matter jurisdiction "as stated and proven on page 2[]" and alleges "six causes of action [which] stand as a matter of law [and] are supported by state and federal law[.]" (Doc. 64 at 2)

The 27-page Amended Complaint is clearly not "a short and plain statement" of Plaintiffs' claims, showing that Plaintiffs are entitled to relief, as mandated by Fed.R.Civ.P. 8(a). It is short on relevant facts, long on legal conclusions and hyperbole, and reads more like a memorandum of law, challenging the Court to determine the nature of Plaintiffs' claims and arguments. Recognizing *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers[,]" *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court addresses the merits of Plaintiffs' action without further delay or expense.

Plaintiffs allege "the following causes of action upon which this Court should grant the quiet title relief that the Plaintiffs request . . .

> [F]irst, the Defendants do not have and never have had a recorded, valid deed to the real property, but have proceeded all along as though they do. Second the Defendants claim an adverse estate or interest to the land. Third, the Defendants [sic] deed lacks recognition of A.R.S. 12-2261 concerning

> acknowledgment of a deed. Fourth, the Defendants [sic] deeds are fatally defective, violate Arizona Revised Statues [sic] and are potentially fraudulent. Fifth, the Defendants [sic] deed or conveyance is not deemed to have been duly acknowledged according to A.R.S. 33-401(D). Sixth, the Defendants have collaterally attacked the Letters of Patent of the United States government on the real property.

(Doc. 55 at 3)

Plaintiffs rely upon a "securitization audit and title search," performed by Tila Solutions, LLC, a "professional audit firm," to argue that several foreclosure documents, including the Assignment of Deed of Trust, Substitution of Trustee, Notice of Trustee's Sale, and Trustee's Deed Upon Sale contain numerous "fatal defects." (Doc. 64 at 3-4) Plaintiffs contend "[t]he entire foreclosure proceeding was done based upon defective documents." (*Id.* at 4) Though Plaintiffs' Response is less than clear, the alleged document deficiencies include: 1) the Assignment of Deed of Trust violates Arizona Revised Statute ("A.R.S.") § 33-411.01 and contains "[f]our fatal defects"; 2) the Substitution of Trustee contains "[t]wo fatal defects"; 3) the Notice of Trustee's Sale has "[f]our fatal defects"; and 4) the Trustee's Deed Upon Sale has "[f]our fatal defects." (*Id.*)

While Plaintiffs claim they "[a]re not challenging the title and deed of the Defendants[,]." doc. 64 at 7, and Defendants recognize the pleading is labeled "Amended Complaint To Quiet Title," Defendants contend that, in reality, it is "a complaint to challenge the validity of the Trustee's Sale." (Doc. 61 at 2)  Other than seeking an order quieting title to the subject residential property, Defendants argue the Amended Complaint's "causes of action" do, in fact, challenge the documents recorded as part of the foreclosure process. According to Defendants, Plaintiffs' Amended Complaint is barred in its entirety by A.R.S. § 33-811(C) because Plaintiffs' "[o]bjections or challenges to Defendants' *title* to the property were waived once the trustee's sale was completed." (Doc. 65 at 2) (emphasis in original). Defendants also claim Plaintiffs' quiet-title action fails for three other  reasons: "(1) Plaintiffs are not in possession of title to the property; (2) Defendants do not claim an interest in the property; and (3) Plaintiffs have not alleged tender." (*Id.* at 4)

///

Defendants describe Plaintiffs' purported deficiencies as follows:

> 1. The name of the servicer or creditor is stamped on the document in block letters[;]
> 2. The document appears to be a standard form with "fillin-the-blanks" [sic] for the names of the signors and entities[;]
> 3. The return address on the Assignment is to a third party provider . . .[;]
> 4. The document is dated and signed years before the document is actually [recorded][;]
> 5. The party who signed the document executed it as "an attorney in fact" for the servicer or the creditor[;]
> 6. The document includes a reference to an "instrument number."[;]
> 7. The document was notarized in San Diego, California[;]
> 8. The document was executed the same day it was filed with the court[; and]
> 9. The signor is an "Assistant" anything.

(*Id*. at 2-3)

## II. Background

Plaintiffs and their filings provide many of the relevant facts material to Defendants' Motion. In determining whether plaintiffs can prove facts in support of their claim that would entitle them to relief, a district court may consider facts contained in documents attached to the complaint. *See Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (citations omitted). In addition, Defendants have requested the Court take judicial notice of publicly-filed documents without objection by Plaintiffs.[2] *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (district court may properly consider materials incorporated into the complaint or matters of public record without

---

[2] A district court may properly take judicial notice of any fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Rule 201, Fed.R.Evid. When adjudicating a motion to dismiss, a court may take judicial notice of public filings. *In re Silicon Graphics Inc. Sec. Litig*., 183 F.3d 970, 986 (9th Cir. 2002) (superseded by statute on other grounds) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)). Doing so, however, does not convert a motion to dismiss into one for summary judgment. *United States v. 14.02 Acres of Land More or Less in Fresno Cnty*., 547 F.3d 943, 955 (9th Cir. 2008); *MGIC Idem. Corp. v. Weisan*, 803 F.2d 500, 504 (9th Cir. 1986). Thus, publicly-filed documents will be considered in the disposition of Defendants' Motion to Dismiss.

converting motion to dismiss to a motion for summary judgment.).

On February 15, 2007, Plaintiffs executed a promissory note in the amount of $680,000.00, which was secured by a deed of trust on residential property located at 1575 Commonwealth Street, Prescott, Arizona (the subject "property"). (Doc. 56, Exhibit ("Exh.") 3[3] at 6-20, filed by Plaintiffs at the same time as Amended Complaint.). A Warranty Deed was issued to Plaintiffs on March 5, 2005, and recorded in Yavapai County, Arizona on June 5, 2005. (*Id.*, Exh. 2 at 2-3) A Deed of Trust, signed by Plaintiffs, was recorded on February 26, 2007 in Yavapai County. (*Id.*, Exh. 3 at 6-20) An Assignment of Deed of Trust was executed on December 18, 2009, by M & I Marshall & Isley Bank, a Wisconsin corporation, assigning the property to Defendant DLJ Mortgage Capital, Inc. ("DLJ Mortgage"), which was recorded in Yavapai County on October 19, 2010. (*Id.*, Exh. 4 at 21)  After Plaintiffs stopped making payments on the note, a Substitution of Trustee and Notice of Trustee's Sale were recorded in Yavapai County on November 16, 2010. (*Id.*, Exhs. 5-6, at 22-25) After Plaintiffs failed to cure their default on the note, the property was sold at a trustee's sale on February 15, 2011, conveying the property to Defendant DLJ Mortgage, as reflected in the Trustee's Deed Upon Sale. (*Id.*, Exh. 8 at 28-30) On February 22, 2011, the Trustee's Deed Upon Sale was recorded in Yavapai County, Arizona. (*Id.* at 28)  On March 23, 2012, a Special Warranty Deed was recorded, conveying the property to Robert G. Berry and Pamela S. Berry, husband and wife, non-parties to this litigation. (*Id.*, Exh. 16 at 70)  Plaintiffs recorded a *lis pendens* against the property on February 11, 2011 with Yavapai County, four days before the trustee's sale. (*Id.*, Exh. 7 at 26-27)

**III. Jurisdiction**

In the Court's June 25, 2012 Order dismissing the Complaint, the Court explained the federal courts' limited jurisdiction and pointed out the failure to the Complaint to comply with Rule 8(a)(1)'s pleading requirement that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction. . . ." (Doc. 51 at 3-5) (citing, among other authorities,

---

[3] The exhibits are not clearly marked and do not appear to be numbered consecutively.

Rule 8(a)(1), Fed.R.Civ.P.) Plaintiffs' Amended Complaint alleges the domicile of each individual party, the place of incorporation and principal place of business of each corporate Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs. (Doc. 55 at 2) Plaintiffs clearly predicate subject matter jurisdiction on complete diversity of citizenship and the amount in controversy exceeding $75,000, exclusive of interest and costs, citing 28 U.S.C. § 1332(a)(1). (*Id.*)

Defendants claim this federal district court "lacks subject matter jurisdiction" because

> [P]laintiffs do not pray for any money damages anywhere in the complaint. Plaintiffs' prayers for relief are simply declaratory: (1) that this Court quiet title to Plaintiffs and vest title wholly in Plaintiffs, and (2) that a Writ of Execution or Order of Possession be issued ordering the current inhabitants to vacate the Property, and that Defendants be ordered to pay any costs associated with serving the Writ or Order.

(Doc. 61 at 4) Defendants' dismissal motion, however, fails to cite any case law or other authority to support their claim that the District Court of Arizona lacks subject matter jurisdiction to adjudicate Plaintiffs' quiet title action, even though the Amended Complaint's prayer seeks only declaratory or injunctive relief.

At the pleading stage and absent unusual circumstances, a party seeking to invoke diversity jurisdiction should affirmatively allege, but need not prove, the actual citizenship of the parties. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[I]n a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.") (citation omitted). In *Hertz Corp. v. Friend*, ___ U.S. ___, 130 S. Ct. 1181 (2010), the Supreme Court held that, for diversity jurisdiction purposes, a complaint or removal notice must allege both the corporation's state of incorporation and location of the principal place of business, which is its "nerve center," *i.e.*, "the place where a corporation's officers direct, control, and coordinate the corporations activities." 130 S. Ct. at 1192. The Ninth Circuit has recently established that a complaint that follows the general framework set forth in Form 7(a) in the Appendix of Forms to the Federal Rules of Civil

1 Procedure is sufficient to satisfy Rule 8(a)(1)'s jurisdictional pleading requirement.[4] *See Harris*
2 *v. Rand*, 682 F.3d 846, 850-52 (9th Cir. 2012). Plaintiffs' Amended Complaint follows Form
3 7(a) in the Appendix and meets the diversity pleading requirement to satisfy Rule 8(a)(1) in the
4 Ninth Circuit. *Id.*

5 Regarding § 1332(a)'s pleading requirement that the amount in controversy exceeds
6 $75,000, the amount typically alleged by the plaintiff, "[c]ontrols so long as the claim is made
7 in good faith." *Travelers Prop. Cas. Co. of Am. v. Zurich Am. Ins. Co.*, 2012 WL 3042993 (D.
8 Ariz. July 25, 2012) (citations omitted)). "To justify dismissal, it must appear to a legal certainty
9 that the claim is really for less than the jurisdictional amount." *Budget Rent-A-Car, Inc. v.*
10 *Higashiguchi*, 109 F .3d 1471, 1473 (9th Cir. 1997) (citation and internal quotation marks
11 omitted). On an allegation that it lacks subject matter jurisdiction, a district court is not
12 "restricted to the face of the pleadings, but may review any evidence, such as affidavits and
13 testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v.*
14 *United States*, 850 F.2d 558, 560 (9th Cir. 1988).

15 Defendants provide no affidavit or other evidence, challenging the accuracy of the
16 Amended Complaint's factual allegations of the parties' domiciles, the corporate Defendants'
17 places of incorporation and principal places of business, and the alleged amount in controversy.
18 Here, Plaintiffs specifically allege the domicile of each individual party, the place of
19 incorporation and principal place of business of each corporate Defendant, and "the amount in
20 controversy exceeds $75,000, exclusive of interest and costs." (Doc. 55 at 2) Neither Rule

---

[4] Federal Rules of Civil Procedure Form 7(a) in the Appendix of Forms sets out a proposed format for alleging diversity:

> The plaintiff is [a citizen of Michigan ] [a corporation incorporated under the laws of Michigan with its principal place of business in Michigan ]. The defendant is [a citizen of New York ] [a corporation incorporated under the laws of New York with its principal place of business in New York ]. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

Fed.R.Civ.P. Form 7(a) (2007) (brackets in original).

- 7 -

1  8(a)(1), Fed.R.Civ.P., nor 28 U.S.C. § 1332(a) requires more.

2  Defendants contend that because Plaintiffs do not request money damages anywhere in the Amended Complaint and the prayer seeks only declaratory and injunctive relief, this federal district court lacks subject matter jurisdiction. (Doc. 61 at 4) The Court disagrees.

It is well established that in actions seeking declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc*., 281 F.3d 837, 840 (9th Cir. 2002) (*per curiam*) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). Because Plaintiffs seek to quiet title on property that was sold at a trustee's sale on February 15, 2011, only a year before this lawsuit was filed, for a bid of $685,384.39, Plaintiffs have sufficiently established the object of the litigation exceeds $75,000.00, exclusive of interest and costs. (Doc. 56, Exh 8 at 28-29) "In a suit to quiet title, the amount in controversy is the value of the subject property." *McLaughlin v. Mortgage Elec. Registration Sys. Inc*., 2012 WL 1520123 (D. Ariz. May 1, 2012) (citing *Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1045 n. 2 (9th Cir. 2011) (holding district court properly concluded quiet title action satisfied amount in controversy requirements for diversity jurisdiction where foreclosed home was assessed at more than $200,000.00); *see also Schultz v. BAC Home Loans Servicing, LP*, 2011 WL 1771679, at *2 (D. Ariz. May 10, 2011) (in quiet title action, district court found value of lawsuit was at least value of subject property and, more likely, value of the loan, and defendants met their burden of establishing amount in controversy more likely than not exceeded $75,000.00) (citation omitted)).

The District Court of Arizona has subject matter jurisdiction to adjudicate Plaintiffs' claims pursuant to 28 U.S.C. § 1332(a)(1). Therefore, Defendants' Motion to Dismiss on the ground that this District Court lacks subject matter jurisdiction will be denied.

**IV. Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) requires that each claim in a pleading is supported by "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Conservation Force*

- 8 -

*v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Dismissal is proper when the complaint or amended complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1102 (9th Cir. 2008); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). A complaint states sufficient facts

> when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

*Id*. at 678 (citations omitted) (quoting *Twombly*, 550 U.S. at 556–57). "As the text of Rule 8(a)(2) itself makes clear, even a 'short and plain' statement can state a claim for relief." *See Sheppard v. David Evans and Assoc.*, ___ F.3d ___, 2012 WL 3983909, at *2 (9th Cir. Sept. 12, 2012) (reversing district court's Rule 12(b)(6) dismissal of plaintiff's two-and-one-half page complaint, stating "while brief, [it] nonetheless satisfies Rule 8(a)(2)'s pleading standard.").

Following the Supreme Court's decision in *Ashcroft v. Iqbal*, district courts use a two-step approach when considering a motion to dismiss. *See e.g. Worthen v. Aftermath, Inc.*, 2012 WL 398703, at *1 (D. Nev. Feb. 6, 2012). First, a district court must accept all factual allegations in the complaint as true, discounting legal conclusions clothed as factual allegations. *Iqbal*, 556 U.S. at 678-79; *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion - even if that conclusion is cast in the form of a factual allegation."). Second, the court must determine if these well-pleaded factual allegations state "a plausible claim for relief."

- 9 -

*Iqbal*, 556 U.S. at 679.

Courts do not make plausibility determinations in a vacuum; it is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* A claim is plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Cmty Learning Ctr, Inc*., 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted).

In deciding a motion to dismiss, a district court may consider documents that are integral to the complaint. *Parrino v. FHP, Inc*., 146 F.3d 699, 706 n. 4 (9th Cir. 1988) (noting that where an attached document is integral to the plaintiff's claims and its authenticity is not disputed, the plaintiff "obviously is on notice of the contents of the document and the need for a chance to refute evidence is greatly diminished.") (citation omitted), *superseded by statute on other grounds in Abrego v. Dow Chem. Co*., 443 F.3d 676 (9th Cir. 2006); *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). When documents contain statements that contradict allegations in a complaint, the documents control and the court need not "[a]ccept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); as amended by 275 F.3d 1187 (9th Cir. 2001); *Makua v. Gates*, 2009 WL 3923327, at *3 (D. Haw. Nov. 18, 2009). Where a plaintiff's own allegations are contradicted by other matters asserted, relied upon, or incorporated by reference by that plaintiff in the complaint, the district court is not obligated to accept the allegation as true in deciding a motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002).

**Governing Law**

"[F]ederal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Zamani v. Carnes*, 491 F.3d 990, 995 (9th Cir. 2007) (quoting *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003) (quoting *Gasperini v. Ctr. for Humanities, Inc*. 518 U.S. 415, 427 (1996)). Because jurisdiction in this case is based on

complete diversity and the amount in controversy exceeds $75,000, exclusive of interest and costs, Arizona substantive law applies to this action. *Tucker v. First Md. Sav. & Loan, Inc.*, 942 F.2d 1401, 1406 (9th Cir. 1991).

**A. Quiet Title Actions**

"In Arizona, an action to quiet title is statutory, but also includes equitable considerations." *Silving v. Wells Fargo Bank, NA*, 800 F. Supp. 2d 1055, 1069 (D. Ariz. 2011) (citation omitted); *see also In re Vasquez*, 228 Ariz. 357, 359, 266 P.3d 1053, 1055 (Ariz. 2011) (Arizona's "[d]eed of trust scheme is a creature of statutes.") (citation omitted). "A party bringing a quiet title action must allege that it has an interest in real property and that the interest is adverse to another person who claims an interest in the same property." *Silving*, 800 F. Supp. 2d at 1069 (citing A.R.S. § 12–1101(A)). "In any action to quiet title, a plaintiff must succeed on the strength of his own title rather than the weakness of his adversary's. *Allison v. State*, 101 Ariz. 418, 421, 420 P.2d 289, 292 (Ariz. 1966) (citations omitted). "It is, of course, the universal rule requiring no citation of authority, that it is plaintiffs' burden to establish their titles." *Id.*

A quiet title action is one regarding the title to real property, not to the land itself. *Berryhill v. Moore*, 180 Ariz. 77, 88, 881 P.2d 1182, 1193 (Az. Ct. App. 1994). As such, a mortgagee's interest does not attach to the title; rather, it attaches to the land. *Id.* (citing *Saxman v. Christmann*, 52 Ariz. 149, 154, 79 P.2d 520, 522 (Ariz. 1938)). Similarly, according to Arizona law governing deeds of trust, the trustee holds legal title. *See* A.R.S. § 33–801, *et seq.* (2007); *Eason v. Indymac Bank, FSB*, 2010 WL 1962309, at *2 (D. Ariz. May 14, 2010) (citing *Brant v. Hargrove*, 129 Ariz. 475, 632 P.2d 978, 983 n. 6 (Az. Ct. App. 1981)); *Verde Water & Power Co. v. Salt River Valley Water Users' Ass'n*, 22 Ariz. 305, 197 P. 227, 228 (Ariz. 1921) ("It is thoroughly settled that a complaint to quiet title . . . [must] show title in the plaintiff[.]"). Thus, under Arizona law, neither a mortgagee nor a trustor can bring an action to quiet title because neither holds title.

"Under Arizona law, real estate mortgages and deeds of trust are distinct forms of real property liens." *Maxa v. Countrywide Loans, Inc.*, 2010 WL 2836958, at *4 (D. Ariz. July 19,

- 11 -

1  2010) (comparing A.R.S. § 33–701, *et seq.*, with § 33–801, *et seq.*). "A deed of trust is a
2  three-party instrument where the trustor (borrower) transfers legal title in real property to the
3  trustee (legal title holder) as security for the performance by the trustor or a third party of
4  obligations to the beneficiary (lender)." *Id.* (citations omitted). In Arizona, although a
5  promissory note and trust deed are generally construed together, A.R.S. § 33-817,[5] "the note and
6  the deed of trust are nonetheless distinct instruments that serve different purposes. The note is
7  a contract that evidences the loan and the obligor's duty to repay." *Hogan v. Washington Mut.*
8  *Bank, N.A.*, ___ Ariz. ___, 277 P.3d 781, 784 (Ariz. 2012), vacating 227 Ariz. 561, 261 P.3d 445
9  (Az. Ct. App. 2011) (citing A.R.S. § 33-801(4)). "The trust deed transfers an interest in real
10 property, securing the repayment of the money owed under the note." *Id.* (citing A.R.S. §§
11 33-801(4), -801(8), -801(9), -805, -807(A)). In Arizona, a deed of trust passes legal title to the
12 trustee. A.R.S. § 33–801(8); *Brant*, 129 Ariz. at 481, 632 P.2d at 984.

13       It is well established in Arizona that "a plaintiff cannot bring a quiet title action unless
14 she has paid off her mortgage in full." *Bergdale v. Countrywide Bank FSB*, 2012 WL 4120482,
15 at *6 (D. Ariz. Sept. 18, 2012) (citing *Farrell v. West*, 57 Ariz. 490, 491, 114 P.2d 910, 911
16 (Ariz. 1941)) ("[I]f it appears there is an unsatisfied balance due a defendant-mortgagee, or his
17 assignee, the court will not quiet the title until and unless [the plaintiff-mortgagor] pays off such
18 mortgage lien."); *Eason*, 2010 WL 1962309, at *2 (An action to "[q]uiet title is not a remedy
19 available to the trustor until the debt is paid or tendered."); *Frazer v. Millennium Bank*, 2010
20 WL 4579799, at *4 (D. Ariz. Oct. 29, 2010) (same).

21       "[C]hallenges to the validity of the Trustee's Deed must be brought in an action to
22 enjoin the foreclosure under A.R.S. § 33–811(C) or be waived, or in an action to quiet title
23 [provided the trustor has paid or tendered payment on the debt to the beneficiary (lender)]."
24 *Federal Nat'l. Mortg. Ass'n v. Collingwood*, 2012 WL 255875, at *2 (Az. Ct. App. Jan. 26,

---

[5] A.R.S. § 33-817 provides "[t]he transfer of any contract or contracts secured by a trust deed shall operate as a transfer of the security for such contract or contracts." A.R.S. § 33-817.

- 12 -

2012) (footnotes omitted)). Section 33–811(C) provides in part as follows:

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33–809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale.

A.R.S. § 33–811(C).

In *Maher v. Bank One, N.A.*, 2009 WL 2580100 (Az. Ct. App. Aug. 20, 2009), an Arizona court affirmed the bank's summary judgment in a quiet title action because the purported homeowners failed to seek a preliminary injunction before the trustee's sale.

> [S]ection 33-811(C) waives "all defenses and objections to the sale," without limiting that waiver to a particular action or according to the specific relief sought; it does not, for example, differentiate an action seeking to set aside a sale from an action seeking damages. Indeed, to do so would contravene the purpose of the statutes governing deeds of trust and trustee's sales-"to provide relatively inexpensive and speedy foreclosure proceedings." (citations omitted). Thus, because Maher has waived any defense or objection to the sale pursuant to § 33-811(C), we conclude he has also necessarily waived any claim for damages dependent on facts he could have raised as a defense or objection to the sale.

2009 WL 2580100, at *6. In *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 275 P.3d 598, 600 (Ariz. 2012), the Arizona Supreme Court recently confirmed that "[u]nder this statute, a person who has defenses or objections to a properly noticed trustee's sale has one avenue for challenging the sale: filing for injunctive relief." Even a trustor's filing a *lis pendens* pursuant to A.R.S. § 12–1191 on the property is "ineffective" if all defenses or objections are not timely raised in an action that results in the issuance of a court order granting a preliminary injunction are waived. *Id.* "To conclude otherwise would render § 33–811(C) ineffective, because a party that failed to obtain an injunction preventing the sale—like [Plaintiffs] here—could nonetheless preserve its objections merely by filing a lawsuit and *lis pendens*." *Id.* "Where, as here, a trustee's sale is completed, a person subject to § 33–811(C) cannot later challenge the sale based on pre-sale defenses or objections." *Id.*

/ / /

/ / /

- 13 -

## V. Discussion

Here, the evidence is undisputed Plaintiffs were trustors[6] who entered into a loan agreement to purchase the trust property. Until trustors pay off the loan, the trustee, or the successor trustee as the named beneficiary, holds title to the property in trust. Plaintiffs have not alleged they paid off the note or tendered payment and the tender was wrongfully denied. In fact, Plaintiffs acknowledge in the Amended Complaint that they "executed a Deed of Trust and a promissory note with M & I Marshall Ilsley Bank in the amount of $680,000. (sic) on February 23, 2007 and was recorded on February 26, 2007 . . . [which] M & I Marshall & Ilsley Bank, assigned to DLJ Mortgage Capital, Inc., c/o [Defendant] Select Portfolio Servicing, Inc., all its right, title and in a certain Mortgage (sic) dated 2/15/2009 . . . ." (Doc. 55, ¶¶ 4-5 at 7) Because Plaintiffs have not alleged they paid off the loan, nor alleged they were ready, willing and able to tender the full amount owed before the trustee's sale, as U.S. District Judge James A. Teilborg has written, this "Court will not indulge this inappropriate use of the action to quiet title." *Eason*, 2010 WL 1962309, at *2.

Plaintiffs' claim they "never executed a promissory note to purchase the real property from *any of the Defendants*" and "never executed a Deed of Trust with *one of or any of the Defendants*[,]" are irrelevant because it is undisputed from the records provided by Plaintiffs themselves, and from their own admissions, that a deed of trust for the property was recorded on February 26, 2007, and subsequently assigned to Defendant DLJ Mortgage. (Doc. 55 at 7) (emphasis added). As Defendants point out, the Trustee's Deed Upon Sale recorded after the trustee's sale lawfully conveyed legal title to the property to Defendant DLJ Mortgage. As stated in A.R.S. § 33-811(E),

> The trustee's deed *shall operate to convey to the purchaser the title, interest and claim of* the trustee, *the trustor*, the beneficiary, their respective successors in interest and all persons claiming the trust property sold by or through them including all interest or claim in the trust property acquired subsequent to the recording of the deed of trust and prior to delivery of the trustee's deed. *That*

---

[6] Under A.R.S. § 33–801(11), a trustor is "the person conveying trust property by a trust deed as security for the performance of a contract or contracts, or the successor in interest of such person."

- 14 -

*conveyance shall be absolute* without right of redemption and clear of all liens, claims or interests that have a priority subordinate to the deed of trust . . . .

A.R.S. §33-811(E) (emphasis added). Thus, the Trustee's Deed Upon Sale, recorded on March 23, 2012, effectively conveyed to Defendant DLJ Mortgage all of Plaintiffs' title, interest and claim to the property.

In addition, Plaintiffs lack standing to challenge the allegedly defective nature of the Assignment of Deed of Trust, Substitution of Trustee, Notice of Trustee's Sale, and Trustee's Deed Upon Sale. "Borrowers who were not parties to the assignment of their deed lack standing to challenge the assignment's validity." *Graham-Miller v. Nationstar Mortg. LLC*, 2012 WL 2368494, at *4 (D. Ariz. June 21, 2012) (citing *In re Mort. Elec. Registration Sys. (MERS) Litig.*, 2011 WL 4550189, *5 (D. Ariz. Oct. 3, 2011); *Silving v. Wells Fargo Bank, NA*, 2012 WL 135989, at *3 (D. Ariz. Jan.18, 2012) (citing *Livonia Property Holdings, LLC., v. Farmington Rd. Holdings, LLC.*, 717 F. Supp. 2d 724, 735–36 (E.D. Mich. 2010)) ("*Livonia* found that a borrower did not have standing to challenge an assignment that did not change the borrower's obligation but only changed the entity to whom the borrower was obligated.").

As Judge Teilborg wrote in another District of Arizona case challenging various recorded assignments, substitution of trustees, notices of trustee's sales and trustee's deeds upon sale, which were allegedly false documents because they contained false claims, or were otherwise invalid based on MERS' status as making the assignments as beneficiary,

> [E]ven if an assignment were voidable, an action to declare an assignment void could only be brought by someone who can demonstrate a concrete and particularized injury in fact that is fairly traceable to the challenged assignment. No such injury is alleged. Thus, Plaintiffs, as third-party borrowers, are uninvolved and unaffected by the alleged Assignments, and do not possess standing to assert a claim based on such.(citation omitted) ("Borrower certainly has an interest in avoiding foreclosure. But the validity of the assignments does not affect whether Borrower owes its obligations, but only to whom Borrower is obligated . . .["]).

*In re Mort. Elec. Registration Sys. (MERS) Litig.*, 2012 WL 932625, at *3, reconsideration denied by 2012 WL 932625 (D. Ariz. March 20, 2012).

Aside from their lack of standing, Plaintiffs' technical arguments that some of the

- 15 -

documents are defective are without merit. Under Arizona law,

> [a]n instrument affecting real property containing any defect, omission or informality in the certificate of acknowledgment and which has been *recorded for longer than one year* in the office of the county recorder of the county in which the property is located shall be deemed to have been lawfully recorded on and after the date of its recording.

A.R.S. § 33-411(C) (emphasis added). Defendants point out the Warranty Deed was recorded on June 5, 2005, doc. 56, Exh. 2 at 2-3; the Assignment of Deed of Trust on October 19, 2010, *id.*, Exh. 4 at 21; and the Notice of Trustee's Sale on November 16, 2010, *id.*, Exh. 6, at 24-25, all recorded in Yavapai County for longer than one year before Plaintiffs filed this lawsuit on February 22, 2012. (Doc. 1) Thus, these documents are deemed to have been lawfully recorded on the original date of recording and after the date of its recording.

Finally, Plaintiffs' last "cause of action" alleges the Defendants have improperly "collaterally attacked the Letters of Patent of the United States government on the [subject] property." (Doc. 55 at 3)  Citing, among others, *State v. Crawford*, 7 Ariz. App. 551, 441 P.2d 586, 590 (Az. Ct. App. 1968) that "a patent is 'the highest evidence of title,' . . . and . . . may not be 'attacked' in a collateral proceeding[,]" Plaintiffs allege Defendants may not

> attempt to avoid, defeat, evade or deny the force and effect of the Plaintiffs [sic] rights, privileges and immunities as "assigns" of John Duke, who was issued Letters of Patent by the Land Office at Phoenix, Arizona and signed by the President of the United States of American [sic], Warren G. Harding, on July 22, 1922, and known as Patent No. 873915. (Included in Exhibit 13)[.]

(Doc. 55 at 20) (citing doc. 56, Exh.13 at 49-52).

A land patent is "an instrument by which the United States conveys title to public lands." *Schell v. White*, 80 Ariz. 156, 159, 294 P.2d 385, 388 (Ariz. 1956) (citations omitted). "Untile [sic] the patent issues the fee of the land is in the United States." *Id*. Plaintiffs in a quiet title action "[c]annot claim under the patents from the United States of America without confirming them, nor can they adopt those portions which operate in their favor and at the same time repudiate those which are counter or adverse to their interest." *Allison v. State*, 101 Ariz. 418, 421, 420 P.2d 289, 292 (Ariz. 1966) (citations omitted).

- 16 -

1  Though very faint and difficult to read, Exhibit 13 appears identical to Exhibit 5, doc. 1 at 23-26, which Plaintiffs filed with the Complaint on February 22, 2012, and is much more clear and easier to read. These exhibits are copies of the Declaration Of Land Patent In Allodial Title recorded by the Plaintiffs in Yavapai County on December 12, 2011, ten months after the trustee's sale.

Plaintiffs cite no authority that a debtor's recording of a Declaration Of Land Patent on certain real property after a trustee's sale of that property operates to magically void a trustee's sale and subsequent transfer of that property. If Plaintiffs' proposition of law were true, lenders would never be authorized to foreclose on property upon a trustor's default. As Defendants point out, by signing the deed of trust, Plaintiffs granted to the trustee, in trust, the power to sell the property securing payment on the loan upon Plaintiffs' default. Plaintiffs' argument is absurd and clearly fails to allege a plausible claim for relief that filing the Declaration Of Land Patent In Allodial Title after the trustee's sale entitles Plaintiffs to the relief they seek.

**VI. Conclusion**

Plaintiffs' causes of action challenging the trustee's sale of the property and the validity of the various documents relating to the property's title and deed are without merit. Their "factual allegations" that they "possess the title to and are the owners in absolute fee," doc. 55 at 2-3, are legal conclusions, are belied by the documents they have yhemselves submitted, and are disregarded as a matter of law. Moreover, Plaintiffs lack standing to challenge the challenged documents' validity and their quiet title action is barred by A.R.S. § 33-811(C) and Arizona law. Having failed to overcome the fatal pleading defects in their Amended Complaint, the Court concludes Plaintiffs' Amended Complaint fails to state a plausible claim upon which relief may be granted.

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Dismiss, doc. 61, is **DENIED** in part and **GRANTED** in part. The Court denies Defendants' Rule 12(b)(1) motion that the District Court of Arizona lacks subject matter jurisdiction over this action, but grants Defendants' Rule

12(b)(6) motion that Plaintiffs have failed to state a claim upon which relief may be granted. This action is dismissed with prejudice against all Defendants. The Clerk is kindly directed to enter Judgment in favor of Defendants and against Plaintiffs and terminate this action.

Dated this 11th day of October, 2012.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge