**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherwin Dennis Robertson, et al., | No. CV-12-8033-PCT-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| DLJ Mortgage Capital, Inc., et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion for Permission to Appeal In Forma Pauperis. (Doc. 69)

**I. Background**

Plaintiffs filed their Complaint to Quiet Title to Real Property; Judgment Divesting Title; Forcible Entry and Detainer on February 22, 2012. (Doc. 1)  Plaintiffs paid the filing fee at that time. (*Id.*) The parties agreed to jurisdiction before a magistrate judge on February 28, 2012. (Docs. 4, 14) After several preliminary matters, the Court granted Defendants' Motion to Dismiss Plaintiffs' *pro se* Amended Complaint for failure to state a plausible claim upon which relief may be granted.  (Doc. 66) The Clerk entered judgment on October 11, 2012. (Doc. 67)   On November 5, 2012, Plaintiffs filed a Notice of Appeal of that judgment, doc. 68, and the pending Motion for Permission to Appeal In Forma Pauperis, doc. 69.

**II. Discussion**

Plaintiffs did not initially seek *in forma pauperis* status in filing this action; rather, they paid the filing fee in full. (Doc. 1) Nonetheless, Rule 24(a)(1), Federal Rules of Appellate Procedure ("Fed.R.App.P."), provides that a party may proceed *in forma pauperis* on appeal if he or she files a motion in district court and attaches an affidavit that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or give security for fees or costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

However, Rule 24(a)(1), Fed.R.App.P., is limited by 28 U.S.C. § 1915(a)(3) of the Prison Litigation Reform Act ("PLRA"), applicable to all *in forma pauperis* appeals, not just those filed by prisoners, which provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *See O'Neal v. Price*, 531 F.3d 1146, 1149 (9th Cir. 2008); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

The PLRA further provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -- . . . (B)(i) the action or appeal is frivolous or malicious . . . ." 28 U.S.C. § 1915(e)(2)(B)(i); *see also Plain Feather v. Preite*, 2010 WL 3037530, at *1 (D. Mont. Aug. 4, 2010); *Magee v. Hatch*, 26 F. Supp. 2d 153, 155 (D.D.C. 1998) ("An *in forma pauperis* proceeding is not taken in good faith if it is 'frivolous or malicious.'") (quoting 28 U.S.C. § 1915(e)(2)). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "Additionally, section 1915(e)(2)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.'" *Magee*, 26 F. Supp. 2d at 155  In other words, "a legal claim may be deemed

1    frivolous if it is wholly unsupported by law or facts." *Id.*

2    Here, the Court finds and certifies in writing that Plaintiffs' appeal is not taken in

3    good faith under 28 U.S.C. § 1915(a)(3). The Court's October 11, 2012 Order explained in

4    detail why Plaintiffs' causes of action challenging the trustee's sale of the property and the

5    validity of the various documents relating to the property's title and deed are without any

6    arguable legal or factual merit. *See Robertson v. DLJ Mortg. Capital, Inc.*, 2012 WL

7    4840033 (D. Ariz. Oct. 11, 2012). The Court's finding, however, does not prevent Plaintiffs

8    from filing a motion to proceed on appeal *in forma pauperis* in the Ninth Circuit Court of

9    Appeals pursuant to, and in compliance with, Rule 24(a)(5), Fed.R.App.P. *O'Neal*, 531 F.3d

10   at 1150 (citations omitted).

11   Accordingly,

12   **IT IS ORDERED** that the Court certifies that this appeal is not taken in good faith.

13   **IT IS FURTHER ORDERED** that Plaintiffs' Motion for Permission to Appeal In

14   Forma Pauperis, doc. 69, is **DENIED**.

15   Dated this 13th day of November, 2012.

16

17   _____

18   Lawrence O. Anderson
     United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28