**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherwin Dennis Robertson, et al., | No. CV-12-8033-PCT-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| DLJ Mortgage Capital, Inc., et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion for Permission to Appeal In Forma Pauperis. (Doc. 69)

**I. Background**

Plaintiffs filed their Complaint to Quiet Title to Real Property; Judgment Divesting Title; Forcible Entry and Detainer on February 22, 2012. (Doc. 1) Plaintiffs paid the filing fee at that time. (*Id.*) The parties agreed to jurisdiction before a magistrate judge on February 28, 2012. (Docs. 4, 14) After several preliminary matters, the Court granted Defendants' Motion to Dismiss Plaintiffs' *pro se* Amended Complaint for failure to state a plausible claim upon which relief may be granted. (Doc. 66) The Clerk entered judgment on October 11, 2012. (Doc. 67) On November 5, 2012, Plaintiffs filed a Notice of Appeal of that judgment, doc. 68, and the pending Motion for Permission to Appeal In Forma Pauperis, doc. 69.

## II. Discussion

Plaintiffs did not initially seek *in forma pauperis* status in filing this action; rather, they paid the filing fee in full. (Doc. 1) Nonetheless, Rule 24(a)(1), Federal Rules of Appellate Procedure ("Fed.R.App.P."), provides that a party may proceed *in forma pauperis* on appeal if he or she files a motion in district court and attaches an affidavit that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or give security for fees or costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

However, Rule 24(a)(1), Fed.R.App.P., is limited by 28 U.S.C. § 1915(a)(3) of the Prison Litigation Reform Act ("PLRA"), applicable to all *in forma pauperis* appeals, not just those filed by prisoners, which provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *See O'Neal v. Price*, 531 F.3d 1146, 1149 (9th Cir. 2008); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

The PLRA further provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -- . . . (B)(i) the action or appeal is frivolous or malicious . . . ." 28 U.S.C. § 1915(e)(2)(B)(i); *see also Plain Feather v. Preite*, 2010 WL 3037530, at *1 (D. Mont. Aug. 4, 2010); *Magee v. Hatch*, 26 F. Supp. 2d 153, 155 (D.D.C. 1998) ("An *in forma pauperis* proceeding is not taken in good faith if it is 'frivolous or malicious.'") (quoting 28 U.S.C. § 1915(e)(2)). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "Additionally, section 1915(e)(2)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.'" *Magee*, 26 F. Supp. 2d at 155  In other words, "a legal claim may be deemed

1  frivolous if it is wholly unsupported by law or facts." *Id.*

2  Here, the Court finds and certifies in writing that Plaintiffs' appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3). The Court's October 11, 2012 Order explained in detail why Plaintiffs' causes of action challenging the trustee's sale of the property and the validity of the various documents relating to the property's title and deed are without any arguable legal or factual merit. *See Robertson v. DLJ Mortg. Capital, Inc.*, 2012 WL 4840033 (D. Ariz. Oct. 11, 2012). The Court's finding, however, does not prevent Plaintiffs from filing a motion to proceed on appeal *in forma pauperis* in the Ninth Circuit Court of Appeals pursuant to, and in compliance with, Rule 24(a)(5), Fed.R.App.P. *O'Neal*, 531 F.3d at 1150 (citations omitted).

Accordingly,

**IT IS ORDERED** that the Court certifies that this appeal is not taken in good faith.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Permission to Appeal In Forma Pauperis, doc. 69, is **DENIED**.

Dated this 13th day of November, 2012.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge